**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MILOSLAV MULLER,

      Plaintiff-Appellant,

v.

MYLES CULBERTSON, DIRECTOR
NEW MEXICO LIVESTOCK BOARD
(AGENCY),

      Defendant-Appellee.

No. 10-2144
(D.C. No. 1:09-CV-00500-JB-ACT)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY** and **BALDOCK**, Circuit Judges, **BRORBY**, Senior
Circuit Judge.

---

Appearing pro se, as he did in the district court, Miloslav Muller appeals

from the court's order dismissing with prejudice his Title VII and § 1983 claims

against the New Mexico Livestock Board (NMLB), and dismissing without

prejudice his state law defamation claim. He also appeals the court's order

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denying his motions to file first and second amended complaints. We have

jurisdiction under 28 U.S.C. § 1291. Affording Mr. Muller's pro se papers a

solicitous construction, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1

(10th Cir. 2007), we nonetheless find his arguments without merit, and we affirm.

The facts are straightforward. In his complaint, Mr. Muller alleged that he

was "employed by the United States Department of Agriculture (USDA) as a

Veterinary Medical Officer [] from April 1992 until August of 2008, when he was

wrongfully terminated." R. Vol. 1 at 5. Beginning in 2001, Mr. Muller worked

for the USDA as an epidemiologist in New Mexico, which required him to work

along side the NMLB. The gravamen of his complaint was an alleged

> conspiracy among current and former officials in the New Mexico
> Livestock Board (NMLB) and actions taken by and on behalf of
> those officials in 2007 and in 2008 to violate [my] constitutional
> rights[.] Those officials retaliated against [me] for [my] lawful
> opposition to the NMLB's and USDA's discriminatory treatment of
> American Indians via allowing scrapie prion infected mutton
> (infection agent similar to Mad Cow Disease) to enter the human
> food chain on the Nava[j]o Reservation in New Mexico. Following
> [my] lawful opposition to this discrimination, as their chief method
> of punishment, the NMLB officials falsely accused [me] of
> wrongdoing.

*Id*. at 5-6.

Two of Mr. Muller's claims were for retaliation under Title VII. The

district court's order, which adopted the magistrate judge's recommendation,

correctly held that these claims failed as a matter of law. They fail for the simple

reason that Title VII claims lie against an "employer," 42 U.S.C. § 2000e-2(a), and Mr. Muller was not an employee of the NMLB.

Another of Mr. Muller's claims was for the alleged violation of his Fourteenth Amendment rights. According to his complaint, various employees of the NMLB sent the USDA some emails and letters concerning his poor job performance, which resulted in the termination of his employment, and thus "depriv[ed] [him] . . . of [his] property interest in employment without due process[.]" R. Vol. 1 at 11. He also claimed that the NMLB's "actions impaired [his] ability to obtain other employment," *id*. at 12, and that he was denied "equal protection of law," *id*. at 11.

We agree with the district court, which agreed with the magistrate judge, that Mr. Muller fails to state a claim for the denial of his equal protection rights because there is no allegation that he was treated differently than any other similarly situated person. *See Price-Cornelison v. Brooks*, 524 F.3d 1103, 1109 (10th Cir. 2008) (internal quotation marks omitted) (recognizing that "[e]qual protection is essentially a direction that all persons similarly situated should be treated alike"). We likewise agree that Mr. Muller cannot state a claim for the denial of his procedural due process rights. "We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient[.]"

*Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (internal citations omitted). We need not decide whether or not Mr. Muller had liberty or property interests in his job, because even if he did, he cannot state a claim for relief *against the NMLB* for the violation of those rights. His claim, if any, was against his employer, the USDA.

Mr. Muller also pleaded a state-law claim for defamation. Having dismissed the Title VII and § 1983 claims over which it had original jurisdiction, the district court adopted the magistrate judge's recommendation that it decline to exercise supplemental jurisdiction over the state claim. "We review a denial of supplemental jurisdiction for abuse of discretion." *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1172 (10th Cir. 2009). There is no abuse of discretion here, because under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction[.]"

We next address Mr. Muller's arguments that the district court erred in denying his motions to amend the complaint. We find no error in the court's order, which adopted the magistrate judge's recommendation to deny his request to file a first amended complaint, and denied the motion to file a second amended complaint.

"The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion [] and will not be disturbed absent an

abuse of that discretion." *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (citation omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id. at 1366* (internal quotation marks and brackets omitted).

After the NMLB filed its motion to dismiss, but before the magistrate judge entered his recommendation, Mr. Muller filed a motion to file a first amended complaint. Following his recommendation that the complaint be dismissed, the magistrate issued a separate recommendation that Mr. Muller not be allowed to file his first amended complaint for three reasons. First, he found that the proposed amendment was futile. Second, he expressed concern about Mr. Muller's bad faith. Third, he found that "the new allegations . . . are facts that [Mr. Muller] should have known about and should have included in the original Complaint or subsequent filings prior to the [defendant filing] the Motion [to dismiss]." R. Vol. 1 at 191. We agree with the district court, which adopted the magistrate's recommendation, that the motion was properly denied because Mr. Muller knew or should have known the facts upon which the proposed

amendment was based but failed to include them in his original complaint. As one example, once the NMLB raised the fact that it was not Mr. Muller's employer, he turned around and filed a proposed first amended complaint in which he alleged that the USDA and NMLB were his joint employers. Certainly Mr. Muller knew or should have known who was his employer at the time he filed his complaint. The same is true with the other "new" allegations in his proposed first amended complaint – they were not new at all. Rather, the amendment proposed theories that Mr. Muller choose not to advance until after the NMLB argued in its motion to dismiss that his original claims were fatally flawed.

After the magistrate judge recommended that Mr. Muller's complaint be dismissed and his request to file the first amended complaint be denied, but before the district court ruled on his objections to both recommendations, Mr. Muller filed a proposed second amended complaint. Noting its "concern[]" that Muller continues to file motions to amend after [the magistrate judge] carefully reviewed his claim and found that the amendments to his federal claims would be futile," *id*. at 264, the court denied the motion because "he has not asserted additional facts or allegations which establish federal claims for which he is entitled to relief[,]" *id.* On appeal, Mr. Muller does not explain why the court's conclusion that it would be futile to amend was error; instead, he argues that there was no "prejudice, waste of time, or any other detrimental outcome as

erroneously claimed by Defendant," Aplt. Opening Br. at 7, which is not the ground on which the court denied the request.

The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge